**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

MICHAEL TOLLEFSON, individually
and as trustee, et al.,

      Plaintiffs,

v.                                                            Case No. 3:06cv14/RV/EMT

WYETH, INC., et al.,

      Defendants.
_____/

**ORDER**

Pending before the Court is Plaintiffs' "Motion for Extension of Time to Serve Summons Under Fed. R. Civ. P. 4(m)" (Doc. 7). The Wyeth Defendants have filed a memorandum of law in opposition thereto.[1] Defendant Upsher-Smith Laboratories, Inc. has also opposed Plaintiffs' Motion and, in addition, moved to dismiss for failure to serve process ("Upsher-Smith Mot.") (Doc. 12). Plaintiffs' Motion will be GRANTED for the reasons and to the limited extent noted below, and Upsher-Smith's Motion will be DENIED.

**I. Facts and Procedural Background**

This is a wrongful death and survival action filed under the Florida Wrongful Death Act [Fla. Stat. § 768.16, et. seq.] for the death of Leif Tollefson on or about

---

[1] For purposes of this Order, "the Wyeth Defendants" shall mean and apply to: Wyeth, Inc.; AHP Subsidiary Holding Corporation (which is, according to Defendant's memorandum of law, the current and proper name of the Wyeth-Ayerst Laboratories Company party designated in Plaintiffs' Complaint); and Wyeth Pharmaceuticals Inc.

January 14, 2004. See Complaint at ¶1 (Doc. 1). Plaintiffs allege Ms. Tollefson's death was the result of pulmonary toxicity that developed as a consequence of her ingesting certain cardiac medications manufactured, distributed, marketed, and sold by the various Defendants.  See id.

In or about early January 2006 - - - approximately two weeks before the statute of limitations was set to expire on Plaintiffs' causes of action - - - Plaintiffs retained an attorney, Jack Meyerson. See Pl. Mot. at ¶¶2-3. Shortly thereafter, on January 11, 2006, Attorney Meyerson filed a Complaint with this Court to "preserve decedent Leif Tollefson's causes of action against the defendants." Id. at ¶2. However, Plaintiffs made no attempt to serve the Summons and Complaint on any of the Defendants, even though Plaintiffs knew their names and addresses. Instead, Plaintiffs delayed service intentionally in anticipation that Mr. Meyerson would be consolidating this lawsuit with a separate case pending in New Jersey (involving the same products). See id. at ¶¶6, 13. During this period, the statute of limitations on Plaintiffs' causes of action expired on January 14, 2006. See id. at ¶3.

Under the applicable Federal Rule of Civil Procedure, discussed further infra, Plaintiffs had 120 days from the date they filed their Complaint to serve Defendants with process. In other words, Plaintiffs had up until May 11, 2006, to effect service. On May 8, 2006, 3 days before expiration of the 120-day period, Plaintiffs filed the motion for extension as described above, requesting an additional 30 days in which to serve Defendants.  According to the Wyeth Defendants, Plaintiffs made no effort to communicate with them prior to filing this motion; in fact, the Wyeth Defendants first learned about the litigation on May 16, 2006, when they received a copy of the motion. See Certification of George McDavid, at ¶3 (Doc. 11). Upsher-Smith also did not learn of this lawsuit until it was served with a copy of the motion for extension, which was served on May 18, 2006. See Upsher-Smith Mot. at 3.

The docket reflects that, to date, Plaintiffs have still not served Defendants.

II. <u>Discussion</u>

Fed. R. Civ. P. 4(m) provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period…

Plaintiffs contend there is "good cause" for their intentional delay of service; specifically, they believe their efforts to consolidate this case with pending litigation in another jurisdiction constitute "good faith," and thus good cause. <u>See</u> Pl. Mot. at ¶13. I cannot agree. The Eleventh Circuit has made clear that good cause will exist "<u>only</u> when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." <u>Prisco v. Frank</u>, 929 F.2d 603, 604 (11th Cir. 1991) (emphasis supplied), *superseded in part, as stated in* <u>Horenkamp v. Van Winkle and Co., Inc.</u>, 402 F.3d 1129 (11th Cir. 2005). Here, Plaintiffs made an intentional and tactical decision to delay service in order to consolidate two pending lawsuits, presumably in part to make it more convenient for counsel to pursue both cases. This does not constitute good cause.

If this case were governed by the pre-1993 Federal Rules of Civil Procedure, there would be no reason for further discussion. Indeed, former Rule 4(j) specifically provided that, unless good cause is shown, a summons and complaint <u>must</u> be dismissed if not served within 120 days. The current version of Rule 4(m), however, amended Rule 4(j) and grants district courts wide discretion to extend the time to effect service, even when no good cause is shown. <u>See</u> <u>Horenkamp</u>, <u>supra</u>, 402 F.3d at 1131-32 (citing cases).[2]

---

[2]

For this reason, the Court is not persuaded by the pre-1993 case law relied on by the Wyeth Defendants in their memorandum of law. <u>See</u>, e.g., <u>Lovelace v. Acme Markets, Inc.</u>, 820 F.2d 81 (3d Cir. 1987); <u>Braxton v. United States</u>, 817 F.2d 238

Although it is a close call, the circumstances of this case militate in favor of granting Plaintiffs an additional opportunity to effect service. First, Defendants have not established, nor in fact argued, that they will be prejudiced by an extension. Cf. Gottfried v. Frankel, 818 F.2d 485, 493 (6th Cir. 1987) (Rule 4 is a "flexible rule" and should be construed liberally if there is no prejudice). Furthermore, if the requested extension is denied and this case dismissed, Plaintiffs will be barred from pursuing their lawsuit by the now-expired statute of limitations. This factor, which has been specifically recognized by the Eleventh Circuit, weighs heavily in favor of granting an extension. See Horenkamp, supra, 402 F.3d at 1132 (discretionary relief under Rule 4(m) "'may be justified, for example, if the applicable statute of limitations would bar the refiled action . . .'") (*quoting* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).[3]

On the facts of this wrongful death case, I am inclined to allow Plaintiffs an opportunity to have their claim decided on the merits. Although I have chosen to exercise my discretion in this regard, it should be understood I do not approve of the action (or, more appropriately, the inaction) of Plaintiffs' counsel. Quite frankly, there is no legitimate reason I can discern for why counsel could not have perfected service and then, at or around the same time, pursued consolidation to the extent it is available; the two are simply not mutually exclusive. Further troubling to the Court is the fact that more than 30 days have passed since Plaintiffs filed the motion to extend and yet, according to the docket sheet, Defendants have still not been served (even though 30 days was the time requested in the motion). Nevertheless, I will not deny the Tollefson family their day in court because of an ill-advised tactical decision by counsel.

---

(3d Cir. 1987).

[3] The Court recognizes that Horenkamp further notes "the running of the statute of limitations does not require that a district court extend the time for service of process" in all cases. Supra, 402 F.3d at 1133. Nonetheless, it is one factor (and an important one) that a district court may properly consider.

**III. Conclusion**

For the reasons noted above, Upsher-Smith's Motion to Dismiss (Doc. 12) is DENIED. Plaintiffs' Motion for Extension of Time to Serve Summons (Doc. 7) is GRANTED; however, Plaintiffs are advised they shall effect service on the proper parties on or before June 23, 2006.

**DONE and ORDERED this 12th day of June, 2006.**

*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**